UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM D. WEBSTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STACY BRONSON and KITSAP COUNTY JUVENILE SERVICES, dba KITSAP COUNTY, a Municipality,<br><br>　　　　Defendants. | Case No. C07-5661 FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT |

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion and dismisses the complaint for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

Pro se Plaintiff William Webster filed this action against Kitsap County Juvenile Services dba Kitsap County and Stacy Bronson based on Ms. Bronson's work as a court appointed child custody investigator in the Kitsap County Superior Court proceedings entitled *Webster v. Webster,* No. 07-3-

ORDER - 1

00254-1. Plaintiff asserts a federal civil rights claim pursuant to 42 U.S.C. § 1983 alleging that Ms. Bronson violated his constitutional rights in failing to conduct a proper investigation, mistreating Mr. Webster, and displaying bias toward his gender. With respect to the Kitsap County Juvenile Services Department, Plaintiff alleges a failure to properly train or supervise Ms. Bronson. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendants assert absolute immunity from suit pursuant to the doctrine of quasi-judicial immunity and/or failure to allege a constitutional claim.

**STANDARDS FOR RULE 12(b)(6) DISMISSAL**

On a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff, taking all his allegations as true and drawing all reasonable inferences from the complaint in his favor. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Doe v. U.S., 419 F.3d 1058, 1062 (9th Cir. 2005). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); La Salvia v. United Dairymen, 804 F.2d 1113, 1116 (9th Cir. 1986). Thus, the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2nd Cir. 1998).

In determining whether Plaintiff's claims against Ms Bronson and the Kitsap County Defendants should be dismissed under Fed.R.Civ.P. 12(b) for failure to state a claim the Court must (1) construe the complaint in the light most favorable to the Plaintiff, (2) accept all well-pleaded factual allegations as true, and (3) determine whether the Plaintiff can prove any set of facts to support a claim that would merit relief. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

Although "pro se litigants in the ordinary civil case should not be treated more favorably than

ORDER - 2

parties with attorneys of record," Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986), this Court will nonetheless interpret Plaintiff's pleadings liberally in his favor. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

## QUASI-JUDICIAL IMMUNITY

It is well-settled that with regard to claims brought under 42 U.S.C. § 1983, "a social worker enjoys "absolute immunity for 'quasi-judicial' actions in the context of child welfare proceedings, such as the execution of a court order." Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir. 1991). "State actors, including social workers, who perform functions that are critical to the judicial process itself are entitled to absolute immunity." Doe v. Lebbos, 348 F.3d 820, 826 (9th Cir. 2003). Public officials are entitled to absolute immunity if they perform functions integral to the judicial process. Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir.1987). Court commissioners are entitled to absolute immunity for their official duties which are an integral part of the judicial process. Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1108 (9th Cir. 1987). Absolute immunity also applies to state employees responsible for the prosecution of child neglect and delinquency petitions, guardians ad litem, and psychologists and psychiatrists involved in the proceedings. Babcock v. Tyler, 884 F.2d 497, 501-02 (9th Cir. 1989), cert. denied, 493 U.S. 1072 (1990).

In Washington, Court appointed child custody investigators are entitled absolute quasi-judicial immunity. Reddy v. Karr, 102 Wn. App. 742, 9 P.3d 927 (2000). In Reddy, a court commissioner appointed an employee of King County Family Court Services to investigate which of two parents should receive custody of their child. The investigator recommended the father. The mother then sued the investigator for negligence, but the trial court granted summary judgment. Affirming, the Court of Appeals held that Family court investigators and evaluators performing court-ordered services do so as surrogates for the court. The investigator was entitled to quasi-judicial immunity because she was acting as an "arm of the court." Id., at 749-50. See also, West v. Osborne, 108 Wn.

ORDER - 3

App. 764, 34 P.3d 816 (2001); Ward v. San Diego County Dept. of Social Services, 691 F. Supp. 238 (S.D. Cal.1988).

For these reasons, the Court finds that Defendant Ms. Bronson is entitled to absolute quasi-judicial immunity for her actions in *Webster v. Webster*. Ms. Bronson was acting pursuant to court order and was functioning as an extension of the court.

Plaintiff's only theory of liability against Kitsap County Juvenile Services is *respondeat superior*. Kitsap County Juvenile Services is entitled to absolute quasi-judicial immunity.

## LACK OF CONSTITUTIONAL VIOLATION

Even assuming the Defendants were not immune from suit, Plaintiff has failed to sufficiently allege a constitutional claim. Plaintiff's complaint asserts that Ms Bronson was abusive in her treatment of Plaintiff and as a court appointed custody investigator violated the standards of conduct governing guardians ad litem. Plaintiff alleges that this conduct violated his "violated his rights as stated in the United States Constitution and its Amendments."

Plaintiff has failed to allege a cognizable constitutional violation. This Court cannot offer review, reversal, or stay of the state court proceedings in Washington. "A federal district court has no jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). Plaintiff's allegations concerning the conduct of the court appointed custody investigator in the state court proceedings of *Webster v. Webster* amounts to a request for review of the decisions of Washington state courts. The proper venue of such a challenge is in the state trial court or the state court with jurisdiction to hear appeals from the trial proceedings.

In the area of family law, the Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ex parte Burrus, 136 U.S. 586, 593-94 (1890); see also Mansell v.

ORDER - 4

Mansell, 490 U.S. 581, 587 (1989) (concluding that "domestic relations are preeminently matters of state law"). "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." Elk Grove Unified School District v. Newdow, 542 U.S. 1, 13 (2004).

The Court finds that Plaintiff has failed to state a cognizable federal constitution claim

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has not alleged facts sufficient to sustain a cause of action. Defendant Stacy Bronson as custody investigator and her employer Defendant Kitsap County Juvenile Services, dba Kitsap County, are entitled to absolute judicial immunity. Plaintiff has also failed to sufficiently allege a cognizable constitutional claim.

IT IS ORDERED:

Defendants' Motion to Dismiss Plaintiff's Complaint [Dkt. #6] is GRANTED, and this case dismissed in its entirety, with prejudice.

DATED this 23rd day of January, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5