07-CV-05661-ORD



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM D. WEBSTER,

　　　　Plaintiff,

　　v.

STACY BRONSON and KITSAP COUNTY JUVENILE SERVICES, dba KITSAP COUNTY, a municipality

　　　　Defendant.

Case No. C07-5661 FDB

ORDER DECLINING REQUEST FOR RECUSAL AND DIRECTING MOTION TO CHIEF JUDGE PURSUANT TO GR 9

This matter comes before the Court on Plaintiff's motion for recusal of this Judge. Plaintiff asserts that he cannot receive a fair trial before this Judge on the basis that the Ninth Circuit reversed and remanded a grant of a motion to dismiss on behalf of the Defendants. Plaintiff contends the Court's previous ruling demonstrates a "bias in favor of professional attorneys" and "prejudice against Caucasian males that are not members of the Washington State Bar Association, American Bar Association and are pro se."

This Court is free from prejudice and bias in any form. The Court strives to afford fair and equal treatment to all litigants, whether proceeding pro se or represented by counsel.

To succeed on a judicial bias claim, a Plaintiff must "overcome a presumption of honesty

ORDER - 1

and integrity in those serving as adjudicators." <u>Withrow v. Larkin</u>, 421 U.S. 35, 47 (1975). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. See <u>Liteky v. United States</u>, 510 U.S. 540, 551(1994). "In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are critical or disapproving of, or even hostile to, counsel, the parties, or their cases. " <u>Larson v. Palmateer</u>, 515 F.3d 1057, 1067 (9th Cir.2008). In addition, as the Supreme Court explained, "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." <u>Liteky</u>, at 555.

ACCORDINGLY;

The Court declines the request for recusal [Dkt. # 25] and refers the motion to the Chief Judge pursuant to GR 9.

DATED this 27 day of September, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2