UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
WILLIAM D. WEBSTER,                ) No. C07-5661FDB
                                   )
                   Plaintiff,      )
         v.                        ) ORDER
                                   )
STACY BRONSON, *et al.*,           )
                                   )
                   Defendants.     )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a "Motion to Recuse" in the above-captioned matter. Dkt. # 25. The Honorable Franklin D. Burgess, United States District Judge, declined to recuse himself voluntarily and the matter was referred to the Chief Judge. Dkt. # 34. Plaintiff's motion is therefore ripe for review by the undersigned.

Section 455 of title 28 of the United States Code governs the disqualification of judges. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant may not, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff filed his motion to recuse only after Judge Burgess dismissed his claims and the matter was remanded from the Ninth Circuit for further proceedings. The risk that plaintiff is using allegations of bias to overturn a decision of the court is therefore considerable. Where the decision of the court is prompted solely by information that the judge received in the context of the performance of his duties, the mere fact that a judge has issued an adverse ruling almost never establishes bias or prejudice. See Larson v. Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008) ("In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are critical or disapproving of, or even hostile to, counsel, the parties, or their cases.") (internal quotation marks omitted).

In order to overcome the presumption of judicial integrity, plaintiff would have to show that facts outside the record drove the court's decision or that it was so irrational that it must be the result of prejudice. Plaintiff alleges that Judge Burgess "is biased and prejudice[d] against Caucasian males and in particular Caucasian males [who] are not members of the Washington State Bar Association, American Bar Association and are pro se." Motion at 2. This allegation is based on nothing more than the fact that Judge Burgess ruled against plaintiff in this matter. Assuming, for purposes of this motion, that the presiding judicial officer has ruled against Caucasian males and/or pro se litigants in the past, there is no reason to suspect that such rulings were based on anything other than the merits of the cases before him. Thus, plaintiff's motion to recuse is based solely on the fact that the Ninth Circuit reversed and remanded this case for further proceedings. Judicial perfection is not required, nor can it be expected. While Judge Burgess erred by not functionally analyzing defendant Bronson's role as an investigator

and by failing to grant leave to amend the complaint *sua sponte*, plaintiff properly and successfully raised his objections through an appeal. The errors identified by the Ninth Circuit are not irrational and do not give rise to an inference of improper motive or bias.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Burgess' impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's motion for recusal is DENIED.

Dated this 23rd day of September, 2009.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
Chief Judge, United States District Court