UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| WILLIAM D. WEBSTER, | NO. C07-5661 FDB |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT |
| -vs- | |
| STACY BRONSON and KITSAP COUNTY JUVENILE SERVICES, dba KITSAP COUNTY, a Municipality, | |
| Defendants. | |

This matter came before the Court on Defendants Stacy Bronson and Kitsap County's motion to perform a functional analysis and to dismiss Plaintiff's amended complaint pursuant to CR 12(b)(6) and/or CR 56. Having reviewed Defendants' motion, Plaintiff's response thereto, and the remaining record, the Court hereby finds that Stacy Bronson was functioning as a court appointed custody investigator at the time of her actions upon which Plaintiff bases his Amended Complaint and is entitled to immunity from suit.

This Court further finds that Defendants are entitled to judgment as a matter of law as Plaintiff has failed to state a constitutional claim.

This Court further finds that allowing further amendment of the Complaint would be futile, and

would not cure the above-referenced shortcomings of his Complaint.

**Introduction and Background**

Pro se Plaintiff William Webster filed this action against Kitsap County Juvenile Services dba Kitsap County and Stacy Bronson based on Ms. Bronson's work as a court appointed child custody investigator in the Kitsap County Superior Court proceedings entitled *Webster v. Webster,* No. 07-3-00254-1. Plaintiff asserts a federal civil rights claim pursuant to 42 U.S.C. § 1983 alleging that Ms. Bronson violated his constitutional rights in failing to conduct a proper investigation, mistreating Mr. Webster, and displaying bias toward his gender. With respect to Kitsap County Juvenile Services Department, Plaintiff alleges a failure to properly train or supervise Ms. Bronson.

Defendants previously moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), asserting that: (1) as a court appointed custody investigator, Defendant Stacy Bronson is entitled to quasi-judicial immunity, and was thus immune from suit; (2) Plaintiff's complaint failed to allege a cognizable constitutional violation; and (3) Kitsap County Juvenile Services, as a department within the County, is not subject to suit.

This Court held that under Washington law, Stacy Bronson, acting as a court appointed child custody investigator, was entitled to quasi-judicial immunity for her actions in the underlying state court child custody litigation. Further, because the asserted liability against Kitsap County Juvenile Services was *respondeat superior*, the County was not subject to liability. Finally, this Court found that Plaintiff had failed to allege a constitutional violation, but simply sought review of a state court decision of which this Court lacked jurisdiction.

Plaintiff appealed and the Ninth Circuit vacated and remanded, finding that (1) this Court had not performed the requisite functional analysis to determine whether the child custody investigator was entitled to absolute immunity and (2) the Plaintiff should have been granted leave to amend his

complaint.

Subsequent to the remand, Plaintiff filed an Amended Complaint, alleging both federal constitutional and state law claims.1 In the amended complaint Plaintiff identifies all the actions, or inactions, of Defendant Bronson upon which his federal constitutional and state law claims are based. These factual allegations simply contend that Ms. Bronson did not properly perform her duties and exhibited a gender bias toward Plaintiff as the father of the child. Specifically, these allegations are that Ms. Bronson breached the Kitsap County Superior Court Code of Conduct, the she violated Washington law governing court-appointment of child custody investigators, that she refused to investigate the interaction between Plaintiff and his minor child, that she failed to make a reasonable inquiry, engaged in unethical practices, failed to maintain independence and objectivity, was disrespectful to Plaintiff, engaged in ex parte contact with Plaintiff's ex-wife, Somdet Webster, and her counsel, failed to recuse herself from the case, and submitted unprofessional/gender biased and prejudicial reports to the state court. These allegations all concern the performance of Ms. Bronson in the course of the court-ordered child custody investigation pursuant to *Webster v. Webster*.

Plaintiff asserts that these factual allegations constitute a denial of equal protection and afford Plaintiff a cause of action pursuant to 42 U.S.C. § 1983.

Plaintiff also asserts a federal claim pursuant to 42 U.S.C. § 1985. Plaintiff alleges that the factual allegations establish that Ms. Bronson, counsel for Somdet Webster, and Kitsap County Juvenile Services, conspired to deprive Plaintiff of his equal protection rights.

In response to Plaintiff's Amended Complaint and the remand from the Ninth Circuit, Defendants have again moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56,

based upon both quasi-judicial immunity and failure to state a claim upon which relief can be granted.

## Rule 12(b)(6) Standards

In determining whether Plaintiff's claims against Ms Bronson and Kitsap County should be dismissed under Fed. R. Civ. P. 12(b) for failure to state a claim, the Court must (1) construe the complaint in the light most favorable to the Plaintiff, (2) accept all well-pleaded factual allegations as true, and (3) determine whether the Plaintiff can prove any set of facts to support a claim that would merit relief. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

## Summary Judgment Standards

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and

---

1. Plaintiff has moved to file a second amended complaint in order that he may name Kitsap County as a proper defendant [Dkt. # 22]. The Court finds this amendment unnecessary and moot as the

admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. However, if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

## Quasi-Judicial Immunity

Judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). Acts are judicial where the acts are normally performed by a judge, and where the parties deal with the judge in his or her judicial capacity. Sparkman, at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction, that is, when he or she acts in a private or nonjudicial capacity. Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). Judicial immunity extends to officials that perform functions integral to the judicial process. Miller v. Gammie, 335 F.3d 889, 898 (9th Cir. 2003); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

The entitlement to quasi-judicial immunity requires that the complained of conduct be functionally similar to conduct recognized at common law to be protected by absolute judicial immunity. The Ninth Circuit has recognized quasi-judicial immunity in a number of areas where

---

Amended Complaint has been construed as naming Kitsap County as a defendant.

officials are performing functions integral to judicial proceedings. See Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir. 1991) (A social worker enjoys absolute immunity for quasi-judicial actions in the context of child welfare proceedings); Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1108 (9th Cir. 1987) (Court commissioners are entitled to absolute immunity for their official duties which are an integral part of the judicial process); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970) (Court-appointed psychologist has a quasi-judicial immunity from liability for acts committed in the performance of an integral part of the judicial process, such as preparing and submitting medical reports); Demoran v. Witt, 781 F.2d 155 (9th Cir. 1986) (Probation officers preparing presentencing reports for state court judges are entitled to absolute judicial immunity from § 1983 damage claims); Santos v. County of Los Angeles Department of Children and Family Services, 299 F.Supp.2d 1070, 1079 (C.D. Cal. 2004) (Social workers were entitled to absolute quasi-judicial immunity from a suit for the social workers' role in initiating and pursuing the adoption of a child because the functions were critical to the judicial process); Meyers v. Contra Costa County Dept. of Social Services, 812 F.2d 1154, 1159 (9th Cir. 1987) (Counselors of a family conciliation court whose duties include the investigation of matters pertaining to custody disputes and to provide reports to the courts, are entitled to quasi-judicial immunity for their actions within the scope of their duties concerning a pending case to which they were assigned because they were performing a judicial function at the direction of a court); Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, (9th Cir. 2001)(same).

In the context of functions performed by court-appointed guardian ad litems, the Sixth Circuit has held that a guardian ad litem is entitled to absolute quasi-judicial immunity. Kurzawa v. Mueller, 732 F.2d 1456 (6th Cir.1984). The Kurzawa court stated that a guardian ad litem must act in the best interests of the child he represents and such a position clearly places him squarely within the judicial

process." Id. at 1458. The court opined that "[a] guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents." Id. Accord, Myers v. Morris, 810 F.2d 1437, 1466-7 (8th Cir. 1987); Ward v. San Diego County Dept. of Social Services, 691 F. Supp. 238 (S.D. Cal. 1988).

The functional analysis may require an examination of state law to determine whether an official's particular functions are a part of the judicial process that entitles the official to quasi-judicial immunity. Miller v. Gammie, 335 F.3d 889, 899 (9th Cir. 2003). Under Washington law, court appointed child custody investigators are entitled absolute quasi-judicial immunity. Reddy v. Karr, 102 Wn. App. 742, 9 P.3d 927 (2000). In Reddy, a court commissioner appointed an employee of King County Family Court Services to investigate which of two parents should receive custody of their child. The investigator recommended the father. The mother then sued the investigator for negligence. The trial court granted summary judgment. Affirming, the Court of Appeals held that family court investigators and evaluators performing court-ordered services do so as surrogates for the court. The investigator was entitled to quasi-judicial immunity because she was acting as an "arm of the court." Id., at 749-50. A functional analysis may require an examination of the functions of the official as set forth in state law. See Miller v. Gammie, 335 F.3d at 899. See also, West v. Osborne, 108 Wn. App. 764, 34 P.3d 816 (2001); Ward v. San Diego County Dept. of Social Services, 691 F. Supp. 238 (S.D. Cal. 1988).

The same is true here. A functional analysis reveals that Ms. Bronson was performing the duties of (functioning as) a court appointed child custody investigator in the matter of *Webster v. Webster* at the time she committed the acts or omissions of which the Plaintiff complains. Her actions were conducted as a surrogate of the court; acting as an "arm of the court." Accordingly, Defendant Bronson is entitled to quasi-judicial immunity and Plaintiff cannot maintain this action against her.

## Respondeat Superior Liability

A review of Plaintiff's Amended Complaint reveals that the theory of liability against Kitsap County is respondeat superior. Under Washington law, the doctrine of respondeat superior imposes liability on an employer for the torts of an employee who is acting on the employer's behalf. Niece v. Elmview Group Home, 131 Wn.2d 39, 48, 929 P.2d 420 (1997). Here, Ms. Bronson is entitled to absolute judicial immunity and thus, by extension, Kitsap County is entitled to the same immunity. See Ward v. San Diego County Dept. of Social Services, 691 F. Supp. 238, 241 (S.D. Cal. 1988).

## 42 U.S.C. § 1983

Plaintiff's Amended Complaint asserts that Defendant Kitsap County had a "policy" that violated his equal protection rights.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 provides the statutory authorization to redress violations only of federal civil rights, not state-based rights. See Beardslee v. Woodford, 395 F.3d 1064, 1068 (9th Cir. 2005). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

When a plaintiff seeks to hold a local government liable for the constitutional torts of its employees, the plaintiff must prove that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or a "custom." Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Under Monell, liability attaches when the constitutional injury results from the implementation or execution of the policy or custom by its lawmakers "or by those whose edicts or acts may fairly be said

to represent official policy...." Id. at 694.

The Amended Complaint fails to allege any facts that support the conclusory allegation that the County acted pursuant to an expressly adopted rule, regulation, decision, or policy statement, or that it acted pursuant to an unofficial policy or custom when it allegedly deprived Plaintiff of equal protection. Nor does the Amended Complaint allege any facts that support liability based on a policy or custom of inadequate training, supervision, or discipline of the County employees. See City of Canton v. Harris, 489 U.S. 378 (1989). Finally, the Amended Complaint fails to allege that the deprivation of Plaintiff's constitutional rights resulted from the conduct, or decision of a final policymaker. Pembaur v. City of Cincinnati, 475 U.S. 469 (1986). Therefore, Kitsap County is entitled to dismissal.

Plaintiff's § 1983 claim also references 42 U.S.C. § 1985, but does not allege any facts supporting such a claim. If Plaintiff intends to allege a claim under § 1985, plaintiff must allege class-based animus on the part of Defendants. See Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993). Fathers in child custody disputes are not members of a protected class, and thus, cannot be subject to class animus. Neilson v. Legacy Health Systems, 230 F. Supp2d 1206 (D. Or. 2001). See also Segreto v. Kirschner, 977 F. Supp. 553, 565 (D.Conn.1985) (white male is not a protected class); DeSantis v. Pacific Tel. & Tel., 608 F.2d 327, 333 (9th Cir.1979) (neither homosexual or heterosexual males have been afforded special protection by Congress under § 1985); Humphrey v. Ct. of Common Pleas, 640 F. Supp. 1239, 1243 (M.D. Pa. 1986) (divorced fathers seeking custody of their children are not a protected class). Plaintiff has failed to present the Court with any information or facts indicating that he was discriminated against due to his gender.

# 42 U.S.C. § 1985

42 U.S.C. § 1985 provides a private cause of action for "conspiracy to interfere with civil

rights." 42 U.S.C. § 1985(3) provides for the recovery of damages caused by persons who conspire "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws," and the relevant part of § 1985(2) prohibits "two or more persons conspir[ing] for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). The statute provides for the recovery of damages occasioned by such a deprivation of rights.

To succeed under a § 1985 conspiracy claim, a plaintiff must prove (1) a conspiracy among two or more persons; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983).

Courts have found that the relevant portions of § 1985 require a plaintiff who brings a claim for a civil rights conspiracy to also plead and prove that the conspiracy has "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

To properly plead a claim for civil conspiracy, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir.1993). The allegations in the complaint regarding a conspiracy between the defendants are conclusory and are insufficient to withstand a motion to

dismiss. In addition, Plaintiff's conspiracy claim fails because allegations of civil conspiracy do not give rise to a cause of action unless an independent civil wrong has been committed. See Rusheen v. Cohen, 37 Cal.4th 1048, 1062, 39 Cal.Rptr.3d 516, 128 P.3d 713 (2006).

Plaintiff has not identified with specificity the members of any alleged conspiracy. Plaintiff has not alluded to any facts suggesting that an agreement existed among various defendants. Plaintiff has not stated any facts suggesting that he was denied equal protection of the law, nor has he alleged any facts which would suggest that he is a member of a protected class. In sum, Plaintiff has not alleged any of the requisite elements with factual specificity. Plaintiff has simply made vague and conclusory allegations of conspiracy. Such statements are insufficient to sustain a cause of action. Plaintiff has neither plead nor proven that the alleged conspiracy was motivated by a racial or other class-based animus, nor has he shown that he was deprived of a constitutional right.

## Conclusion

Based on the foregoing, Defendants are entitled summary judgment of dismissal of Plaintiff's claims in their entirety, with prejudice.2

A functional analysis reveals that Defendant Bronson was performing in her role as court appointed custody investigator at the time of her acts or inactions upon which Plaintiff bases his suit. Therefore, Defendant Bronson is entitled to absolute quasi-judicial immunity and all claims against her are subject to dismissal. Defendant Kitsap County, as Ms. Bronson's employer, is entitled to absolute judicial immunity, given the asserted respondeat superior theory of liability.

Additionally, Plaintiff has failed to state a claim for violation of 42 U.S.C. § 1983. Plaintiff has failed to state a claim for violation of 42 U.S.C. § 1985.

ACCORDINGLY;

IT IS ORDERED:

Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Dkt # 24] is GRANTED.

Plaintiff's Amended Complaint is dismissed with prejudice.

DATED this 2nd day of October, 2009.

                                        FRANKLIN D. BURGESS
                                      UNITED STATES DISTRICT JUDGE

---

2 Plaintiff has filed a motion for sanctions regarding Defendants participation in a joint status report [Dkt. # 36]. The Court finds this motion moot. Plaintiff also seeks reconsideration of the Court's Order denying the motion for recusal [Dkt # 37]. Reconsideration is denied.